IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TONY L. MUTSCHLER, | No. 4:23-CV-00981 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN of SCI-LAUREL HIGHLANDS, | |
| Respondent. | |

MEMORANDUM OPINION

MARCH 21, 2024

Petitioner Tony L. Mutschler initiated this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Mutschler, however, has failed to exhaust his claims in state court and he has not established any basis for a stay and abeyance. The Court, therefore, will dismiss his Section 2254 petition without prejudice.

I.   BACKGROUND AND PROCEDURAL HISTORY

On July 27, 1999, Mutschler was sentenced by the Court of Common Pleas of Northumberland County, Pennsylvania to a term of 10 to 20 years' incarceration after he pled guilty to two counts of burglary.[1] The controlling minimum sentence

---

1   *See generally Commonwealth v. Mutschler*, Nos. CP-49-CR-0000948, CP-49-CR-0000949 (Pa. Ct. Com. Pl. Northumberland Cnty.).

expired on December 3, 2011, and the controlling maximum sentence was initially set to terminate on December 3, 2021.[2]

On July 2, 2012, Mutschler was released on parole to an approved plan at a Community Corrections Center.[3]  A few months later, on October 23, 2012, he was arrested for technical parole violations[4] and on January 9, 2013, was sentenced to six months' backtime with a reparole eligibility date of April 23, 2013.[5]

Over the following six years, Mutschler was denied parole on five occasions.[6]  Then, on February 1, 2019, Mutschler was granted parole again[7] and was released to an approved home plan on April 9, 2019.[8]  His freedom, however, was short-lived.  Approximately four months after being released and moving to Delaware, Mutschler was arrested by the Delaware State Police on August 29, 2019, and charged with burglary, possession of burglary tools, theft of $1500 or greater, resisting arrest, and criminal mischief.[9]

The Pennsylvania Board of Probation and Parole (Parole Board) lodged a warrant to commit and detain Mutschler on September 5, 2019,[10] and Mutschler

---

[2]   *See* Doc. 12-2 at 2.
[3]   *See* Doc. 12-3 at 2.
[4]   *See* Doc. 12-4.
[5]   *See* Doc. 12-5 at 2.
[6]   *See* Docs. 12-6 through 12-10.
[7]   *See* Doc. 12-11.
[8]   *See* Doc. 12-12.
[9]   *See* Doc. 12-14 at 2.
[10]  Doc. 12-15.

was taken into custody by Delaware authorities on September 18, 2019.[11] It appears that, due to errors by the Parole Board with respect to the "warrant package" it sent to Delaware, the Parole Board had to lift the warrant and Mutschler was released from custody by Delaware authorities on or about October 2, 2019.[12] Just a few days later, on October 10, 2019, Mutschler was arrested by Delaware law enforcement for a *second* time for new criminal offenses including second-degree burglary, possession of burglary tools, theft $1500 or greater, falsifying business records, selling stolen property, and criminal mischief.[13]

On January 6, 2020, Mutschler was convicted of two counts of burglary in Delaware Superior Court (one burglary count from each incident) and sentenced to a term of eight years' incarceration with all but one year suspended.[14] On January 22, 2020, the Parole Board relodged an interstate warrant to commit and detain Mutschler so that—following his release in Delaware—he could be returned to Pennsylvania to face parole revocation proceedings.[15] Mutschler was returned to the custody of the Pennsylvania Department of Corrections on August 12, 2021.[16]

On October 5, 2021, Mutschler was served with the Parole Board's notice of charges and hearing,[17] and a panel revocation hearing was held on October 28,

---

[11] *See* Doc. 12-16.
[12] *See id.*
[13] *See* Doc. 12-17.
[14] *See* Doc. 12-18.
[15] Doc. 12-19.
[16] *See* Doc. 12-21.
[17] Doc. 12-22.

2021.[18] During that proceeding, Mutschler, through appointed counsel, acknowledged both Delaware burglary convictions.[19] On January 4, 2022 (decision mailed January 14, 2022), the Parole Board recommitted Mutschler as a convicted parole violator to serve his unexpired term of 2 years, 7 months, and 11 days for the Delaware burglary convictions.[20] The Parole Board exercised its discretion by not awarding Mutschler any credit for the time he spent at liberty on parole, noting, among other reasons, that he had "committed a new conviction that is the same or similar to the original offense" while on parole.[21] Thus, Mutschler's recomputed maximum sentence date was advanced to March 15, 2024.[22]

On February 23, 2022, Mutschler filed an administrative appeal challenging the Parole Board's revocation decision.[23] On January 12, 2023, the Parole Board affirmed its January 4, 2022 decision.[24] Mutschler then appealed to the Commonwealth Court of Pennsylvania.[25] It appears that Mutschler's appeal to the Commonwealth Court from the Parole Board's revocation sentence is still pending.[26] The last docket entry, dated February 16, 2024, indicates that the

---

[18] *See* Doc. 12-23 (transcript of revocation hearing).
[19] *See id.* at 10-11.
[20] *See* Doc. 12-24.
[21] *See id.*; *see also* Doc. 12-25.
[22] *See* Doc. 12-25.
[23] *See* Doc. 12-26.
[24] *See* Doc. 12-28.
[25] *See generally Mutschler v. Pa. Board of Prob. & Parole*, No. 299 CD 2023 (Pa. Commw. Ct.).
[26] *See id.*

Commonwealth Court will decide the appeal without oral argument based on the submitted briefs.[27]

However, prior to initiating the administrative appeal process, Mutschler filed a separate civil action—a "Petition for a writ of Mandamus and to Quash Warrant/Detainer"—in the Commonwealth Court of Pennsylvania on December 15, 2021.[28] The Commonwealth Court eventually dismissed that mandamus petition in a *per curiam* order on November 1, 2022.[29] Neither Respondent nor Mutschler provided a copy of this November 1 order. Mutschler filed a late notice of appeal on December 14, 2022, which the Supreme Court of Pennsylvania administratively dismissed as untimely.[30] Mutschler then filed a motion for leave to appeal *nunc pro tunc*, which the Pennsylvania Supreme Court likewise denied.[31]

In June 2023, Mutschler filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this Court.[32] Respondent was served and filed a detailed response to Mutschler's Section 2254 petition.[33] Mutschler filed a traverse,[34] and his petition is now fully briefed and ripe for disposition.

---

[27] *See id.*
[28] *See generally Mutschler v. Pa. Board of Prob. & Parole*, No. 474 MD 2021 (Pa. Commw. Ct. Dec. 15, 2021); *see also* Doc. 12-27.
[29] *See* Doc. 12-27 at 6.
[30] *See id.*
[31] *See id.*; Doc. 12-29 at 4.
[32] *See generally* Doc. 1.
[33] Doc. 12.
[34] Doc. 15.

5

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[35] mandates that petitioners demonstrate that they have "exhausted the remedies available in the courts of the State" before seeking federal habeas relief.[36] An exhausted claim is one that has been "fairly presented" to the state courts "by invoking one complete round of the State's established appellate review process," and which has been adjudicated on the merits.[37]

If a state prisoner has not fairly presented a claim to the state courts "but state law clearly forecloses review, exhaustion is excused, but the doctrine of procedural default may come into play."[38] Generally, if a prisoner has procedurally defaulted on a claim by failing to raise it in state-court proceedings, a federal habeas court will not review the merits of the claim, even one that implicates constitutional concerns.[39]

A few limited exceptions to this rule exist. One exception is that "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law."[40] "Cause for a procedural

---

[35] 28 U.S.C. §§ 2241-2254.
[36] *Id.* § 2254(b)(1)(A).
[37] *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)); *see also Johnson v. Williams*, 568 U.S. 289, 302 (2013).
[38] *Carpenter*, 296 F.3d at 146 (citations omitted).
[39] *Martinez v. Ryan*, 566 U.S. 1, 9 (2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 747-48 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 84-85 (1977)).
[40] *Id.* at 10 (citing *Coleman*, 501 U.S. at 750).

default exists where something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule."[41]  To establish prejudice, a petitioner must show not merely that there were errors that created a possibility of prejudice, but that they "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."[42]  If cause and prejudice are established, the federal court reviews the claim *de novo* "because the state court did not consider the claim on the merits."[43]

Another rare exception that will excuse a procedural default is if the petitioner can show that "failure to consider the claim will result in a fundamental 'miscarriage of justice.'"[44]  To satisfy the "fundamental miscarriage of justice" exception, a petitioner typically will have to show actual innocence.[45]

### III. DISCUSSION

The gravamen of Mutschler's Section 2254 petition appears to be a constitutional challenge to the procedural aspects of the warrants issued by the Parole Board following his burglary convictions in Delaware.  His arguments are

---

[41] *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (alterations in original) (citations and internal quotation marks omitted).
[42] *Holland v. Horn*, 519 F.3d 107, 112 (3d Cir. 2008) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).
[43] *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 236 (3d Cir. 2017), *cert. denied sub nom. Gilmore v. Bey*, 138 S. Ct. 740 (2018) (mem.) (citation omitted).
[44] *Carpenter*, 296 F.3d at 146 (quoting *Coleman*, 501 U.S. at 750).
[45] *Leyva v. Williams*, 504 F.3d 357, 366 (3d Cir. 2007) (citation omitted).

difficult to follow, but he seems to contend that, after the first warrant was lifted and he was released by Delaware officials on October 2, 2019, the Parole Board had no authority to issue another warrant to detain him or to extradite him to Pennsylvania.[46] He additionally appears to contend that he is being illegally incarcerated past his maximum date.[47]

Although Mutschler asserts that he is challenging the Pennsylvania Supreme Court's denial of his appeal as untimely (and the denial of his motion to appeal *nunc pro tunc*) in *Mutschler v. Pennsylvania Board of Probation & Parole*, No. 474 MD 2021 (Pa. Commw. Ct.),[48] that issue is not cognizable in a Section 2254 petition. A federal habeas court has no authority to review state-court decisions regarding issues of state law.[49]

To the extent that Mutschler contends that his inability to timely appeal the dismissal of his mandamus petition excuses any procedural default and renders his constitutional claims ripe for review under 28 U.S.C. § 2254, he is incorrect. The procedural due process claims Mutschler is raising in his Section 2254 petition

---

[46] *See* Doc. 1 at 5-8; Doc. 15 at 1 (asserting that he is challenging the fact that "the 'Board' issued three warrants to detain Mr. Mutschler in violation of the U.S. Const. Amend. #5 to double jeopardy [sic]"); *id.* at 9 (stating that he is challenging "the Parole Board['s] authority to issue the same warrant three time[s] for the same thing").
[47] *See* Doc. 1 at 8.
[48] *See id.* at 1-3 (asserting that he was hospitalized for back surgery during the appeal period and therefore missed the Supreme Court's appeal deadline due to uncontrollable circumstances).
[49] *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

8

have been asserted as part of his administrative appeal,[50] and that appeal is still pending before the Commonwealth Court.  Further, even if Mutschler receives an unfavorable decision from the Commonwealth Court regarding his challenge to the Parole Board's revocation sentence, proper state exhaustion requires him to seek allowance of review from the Supreme Court of Pennsylvania.[51]

Claims raised in a habeas corpus petition under 28 U.S.C. § 2254 generally are required to be exhausted in state court.[52]  "Exhaustion addresses federalism and comity concerns by affording the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."[53] Exhaustion should not be "overlooked lightly,"[54] and will not be excused simply because a petitioner believes his claims will be denied on the merits in state court.[55]  Moreover, exhaustion cannot be excused "unless state law *clearly forecloses* state court review of claims which have not previously been presented to a state court."[56]

---

[50] *See* Doc. 12-26 at 3-14.
[51] *See Williams v. Wynder*, 232 F. App'x 177, 181 (3d Cir. 2007) (nonprecedential) (explaining that, to fully exhaust a challenge to a Parole Board decision, a Section 2254 petitioner must seek allowance of appeal with the Pennsylvania Supreme Court following an adverse decision by the Commonwealth Court).
[52] *See* 28 U.S.C. § 2254(b)(1)(A).
[53] *Parker v. Kelchner*, 429 F.3d 58, 61 (3d Cir. 2005) (internal quotation marks and citations omitted).
[54] *Id.* at 62 (citation omitted).
[55] *Id.* at 63-64.
[56] *Coady v. Vaughn*, 251 F.3d 480, 489 (3d Cir. 2002) (quoting *Lines v. Larkins*, 208 F.3d 153, 163 (3d Cir. 2000)).

As Mutschler's appeal is still pending in the Commonwealth Court, he has plainly not exhausted available state court remedies. Mutschler does not seek a stay and abeyance for his completely unexhausted petition.[57] Nor does he establish "good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics" that would prompt this Court to *sua sponte* invoke the stay-and-abeyance process set forth in *Heleva v. Brooks*.[58] Mutschler's Section 2254 petition, therefore, will be dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss without prejudice Mutschler's petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Court likewise declines to issue a certificate of appealability, as Mutschler has failed to make a substantial showing of the denial of a constitutional right,[59] or that "jurists of reason would find it debatable" whether this Court's procedural ruling is correct.[60] An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[57] *See generally Heleva v. Brooks*, 581 F.3d 187 (3d Cir. 2009).
[58] *See id.* at 192. There does not appear to be any AEDPA statute-of-limitations issue as Mutschler's appeal is still pending with the Commonwealth Court.
[59] 28 U.S.C. § 2253(c)(2).
[60] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).